## No. 555
### SCZEPKOWSKI v. STATE

Court of Appeals, Eighth District, Cuyahoga County
No. 4699. Decided June 11, 1923

This opinion has not been published except in Abstract.

EVIDENCE—In criminal case facts which make prima facie against employe, may fail to convict employer.

VICKERY, J.

#### Epitomized Opinion

Three officers entered the premises of defendant. One of them saw a man at the bar about to drink something from a glass, and started towards him, when the bar tender, an employe of defendant, seized the glass from the customer's hand and dashed it into the rinse water. The officer seized the wrist of the bar tender, pulled him hand and glass out of the water, and discerned the smell of whiskey in the glass.

Defendant denied that he had any intoxicating liquor on the premises, and denied any knowledge of there being whiskey in the glass. A thorough search was made by the officers and no intoxicating liquor was found and no receptacle was found from which any intoxicating liquor could have been taken. There was no evidence as to where the man who held the glass in his hand obtained the glass or its contents.

Defendant was found guilty and brought error proceedings contending that the verdict and judgment were manifestly against the weight of the evidence. The Appellate Court held:

If the bar tender were charged with having intoxicating liquor in his possession, instead of his employer, the evidence would present a far stronger case and perhaps make out a prima facie case. Defendant was charged upon the theory that he is responsible for the act of his employee. The evidence presented was not sufficient in law to authorized a conviction. Verdict and judgment reversed and defendant discharged.

Attorneys—V. J. Conrad, for Sczepkowski; Lee E. Skeel, for State.

## No. 556
### CRAWFORD v. CRAWFORD

Ohio Appeals. Eighth District, Cuyahoga County
No. 4485. Decided June 11, 1923

This opinion has not been published except in Abstract.

ALIMONY—A person is not guilty of contempt for failure to pay alimony if unable, although he purposely dissipated his assets before the action.

Pollock, Roberts and Farr, Seventh District, Sitting

POLLOCK, J.

#### Epitomized Opinion

Martin L. Crawford filed his petition for divorce in the Common Pleas, making his wife, Carrie, defendant. She filed an answer and cross-petition, asking for alimony. On the trial a divorce was refused and alimony was granted defendant. Later he filed a motion asking that he be adjudged in contempt for failure to comply with the judgment. To this he filed an answer alleging financial inability to pay. The evidence was that within a few months before commencement of the action plaintiff, who was a practicing physician, withdrew from the bank about six thousand dollars and went on an extended pleasure trip in which he squandered all his savings, and that upon his return he found his practice greatly reduced; that he then began the action for divorce, and that he has been unable to comply with the judgment of the court. The Common Pleas committed plaintiff to jail. From his judgment he prosecutes error. The Court of Appeals held:

The reckless expenditure of money may have been made with a view of preventing the wife from recovering in an alimony proceeding, but it was made before the commencement of the divorce action. Sec. 12143 of the Code, under which the contempt was prosecuted, is:

"When a contempt consists in the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."

There is no evidence at the time this motion for contempt was pending and heard in the court below that plaintiff was then able to comply with the order and for that reason the judgment is reversed.

Attorneys—Alexander H. Martin, for plaintiff in error; Gaughan and Collins, for defendant in error.

## No. 557
### CLAUS MFG. CO. v. CONTINENTAL CASUALTY CO.

Ohio Appeals, Eighth District, Cuyahoga County
No. 4560. Decided May 14, 1923

This opinion has not been published except in Abstract.

EXPLOSIONS—(1) Violation of ordinance not necessarily proximate cause of injury—(2) Judgment of court not reversible because based upon wrong reason—(3) Explosion raises a presumption of negligence.

VICKERY, J.

#### Epitomized Opinion

This was an action by the Casualty Company to recover a sum of money which it was compelled to pay as insurance. This Company had insured the glass windows of Rosenzweig, which were broken through an explosion, occurring in the building owned and occupied by the Claus Mfg. Co. After paying Rosenzweig, the Casualty Co. took an assignment of his claim and then brought suit against the Claus Co. in the Cleveland Municipal Court. The evidence showed that various substances used in the wood finishing business were located on the defendant's premises and that an explosion could have occurred from them. The exact cause of the explosion could not be explained. Judg McMahon of the Municipal Court, sitting as a jury, held that the plaintiff must show negligence before it could recover. The court thereupon permitted the plaintiff to amend the petition by setting forth an ordinance which required a permit for the carrying on of this kind of business, which was never obtained. Upon the showing of violation of this ordinance, the court rendered a judgment in favor of plaintiff for the amount paid by it to Rosenzweig as damages. Thereupon defendant prosecuted error to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That the violation of the ordinance, if negligence, could not be regarded as the proximate cause of the explosion.

2. When the court sits as a jury, its judgment, if right, will not be disturbed even though a wrong reason is given for it.

3. As the explosion occurred on the defendant's premises, this fact alone warranted an inference that the explosion resulted from the negligent manner in which the business was being operated, which inference was sufficient to predicate a judgment, unless there was some evidence to negative the same.

Attorneys—Wilbur B. Lutton and F. B. Gott, for Mfg. Co.; L. D. Hedrick, for Casualty Co.